UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 1:25-cv-00808-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 3, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the California Department of Corrections and Rehabilitation (CDCR) and correctional officer Does 1 through 10, as Defendants.

CDCR and Defendants are acting pursuant to Substance Abuse Treatment Facility and State Prison (SATF) custom in continuing to deny Plaintiff's request for early release due to being a non-violent second striker.

California Court of Appeal decision in In re Edwards, 26 Cal.App.5th 1181, 1237 (Cal. App. 2018) (finding that inmates serving three strike sentences for nonviolent offenses are

1    constitutionally entitled to parole consideration under Proposition 57).

2    CDCR and Defendants refuse to refer Plaintiff to the Board of Prisons Hearings for a Proposition 57 hearing in which Plaintiff's two alternative indeterminate sentences would be excluded and a new nonviolent parole eligibility date (NEPD) would be put in place by Penal Code section 18. Plaintiff would then be fully discharged from his complete term and parole period due to the fact that Plaintiff's in-custody credits equal over 9 years.

On November 8, 2016, Proposition 57 added Article 1, section 32 to the California Constitution which excluded fully and permanently Plaintiff's original two alternative indeterminate nonviolent three strikes sentences totaling 56 years to life.

Plaintiff should have been considered for early parole hearing when Proposition 57 went into effect on November 8, 2016.

CDCR and Defendants have denied Plaintiff's due process right to a parole consideration hearing. Plaintiff was also deprived of equal protection and discriminated against on the basis of race, "since the ruling on prison reduction … the only faction who were awarded early release were [W]hites, Asians and others besides African-Americans. It's disproportionate … Blacks make up 13% of the U.S. population 80% of the prison population but 1% of prison early releases."

Plaintiff submitted a formal grievance in January 2020 stating that he was being denied consideration for parole hearing for early release.

### III.
### DISCUSSION

**A.   Proposition 57**

Proposition 57 amended the California Constitution to add section 32, the Public Safety and Rehabilitation Act of 2016, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.

3

> (2) Cal. Const. art. 1, § 32 (emphasis added). Section 32(b) directs the California Department of Corrections and Rehabilitation ("CDCR") to "adopt regulations in furtherance of these provisions." Cal. Const. art I, § 32(b).

The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. Art. I, § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a three strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Edwards, 26 Cal. App. 5th at 1192.

Following the California Court of Appeal decision in In re Edwards, 26 Cal. App. 5th 1181 (Cal. App. 2018) (finding that inmates serving three strike sentences for nonviolent offenses are constitutionally entitled to parole consideration under Proposition 57), CDCR enacted emergency regulations to accord parole consideration to nonviolent offenders indeterminately sentenced pursuant to the Three Strikes Law. See Cal. Code Regs. tit. 15, §§ 3495-97.

In this case, Plaintiff alleges CDCR and Defendants refuse to refer Plaintiff to the Board of Prisons Hearings for a Proposition 57 hearing in which Plaintiff's two alternative indeterminate sentences would be excluded and a new nonviolent parole eligibility date (NEPD) would be put in place by Penal Code section 18. Plaintiff would then be fully discharged from his complete term and parole period due to the fact that Plaintiff's in-custody credits equal over 9 years.

The Court takes judicial notice of an action Plaintiff filed in state court, case number B300682.[1] See People v. Williams, 2020 WL 4047909 (2020); see also People v. Williams, No. B252994, 2015 WL 2203580 (Cal. Ct. App. May 8, 2015) (affirming underlying criminal conviction and sentence). In that case, Plaintiff sought relief pursuant to California Penal Code

---

[1] The Court also takes judicial notice of a previous case filed in this Court in which Plaintiff raised the same challenge to the denial of a parole consideration hearing under Proposition 57. See Williams v. Unknown, No. 2:20-cv-01950-KJM-KJN (E.D. Cal.). The case was dismissed on September 13, 2022, for failure to state a cognizable claim. (Id., ECF No. 81.)

4

section 1170.95.[2] The state court opinion states that in 2013, Plaintiff was convicted of ten counts, including two counts of attempted murder. 2020 WL 4047909, at *1. Plaintiff was sentenced to an indeterminate term of 48 years to life, plus an eight-year determinate sentence. (Id.) Under California law, attempted murder is a violent felony. See Cal. Penal Code § 667.5(c)(12). As attempted murder is, presumably, Plaintiff's primary offense, he is not entitled to parole consideration pursuant to Proposition 57. Furthermore, a review of the California Department of Corrections and Rehabilitation's website, reflects that Plaintiff has a parole eligibility date of August 2037, and a tentative date of August 2032, for a consultation hearing.[3]

### B. Equal Protection

The Equal Protection Clause broadly requires the government to treat similarly situated people equally. Hartman v. California Dep't of Corr. and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013). To state an equal protection claim, a plaintiff must typically allege that " ' defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,' " such as a particular race or religion. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation marks and citation omitted) (emphasis in original); see also Byrd v. Maricopa Cty. Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (to state an equal protection claim, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

"The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976). An equal protection claim may lie when a policy that is neutral on its face has a disproportionate or disparate impact on an identifiable group. Village of Arlington Heights v.

---

[2] California Penal Code section 1170.95 (now renumbered as California Penal Code section 1172.6) allows, in some circumstances, resentencing for individuals convicted under the felony murder rule. See Cal. Penal Code § 1172.6.

[3] See https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=AS0820.

5

Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977). However, the disparate impact of a policy is not dispositive. In Washington v. Davis, 426 U.S. 229 (1976), the Supreme Court stated:

> We have not held that a law, neutral on its face and serving ends otherwise within the power of government to pursue, is invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than another. Disproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination forbidden by the Constitution. Standing alone, it does not trigger the rule that rule racial classifications are to be subjected to the strictest scrutiny and are justifiable only by the weightiest of considerations.

Washington, 426 U.S. at 242 (citation omitted).

The Ninth Circuit has held that the disproportionate impact of a prison's facially neutral policies on an identifiable group does not mean that the policies violated the Equal Protection Clause. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (citing Navarro v. Block, 72 F.3d 712, 716 n.5 (9th Cir. 1995)). Proof of discriminatory intent or motive must also be present. See, e.g., Personnel Adm'r of Mass v. Feeney, 442 U.S. 256, 279-80 (1979) (finding no evidence state intended to discriminate against women by granting lifetime preference to veterans for civil service positions, even though over ninety-eight percent of veterans in state were male).

To the extent Plaintiff contends that he was denied equal protection of the law because Black inmates are disproportionally denied early parole consideration under Proposition 57 in comparison to other races, such claim fails. In support of his argument, Plaintiff references an article from the Berkeley Journal of Criminal Law. However, this article has no obvious relevance to the question whether Proposition 57 disproportionately benefits certain racial groups. Plaintiff's claim is unsupported and purely conclusory as to any disparate impact and does not give rise to a cognizable claim. Indeed, the complaint contains no allegations that would support an inference of discriminatory intent or motive behind Proposition 57. Accordingly, Plaintiff's race-based disparate impact claim fails as a matter of law.

**C.   Leave to Amend Would be Futile**

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir.

6

2015) (quoting <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); <u>see also</u> <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1). Therefore, this action should be dismissed without leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

7