1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR,<br><br>            Defendant. | Case No. 1:25-cv-0808 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK OF COURT TO DISMISS CASE<br><br>(Doc. 9) |

Melvin Williams asserts that he suffered violations of his Fourteenth Amendment rights and seeks referral to the Board of Prisons Hearings for a Proposition 57 hearing related to his 2013 conviction. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim. (Doc. 9 at 3-7.) The magistrate judge found that because Plaintiff was convicted of two counts of attempted murder—a violent felony under California law—he was "not entitled to parole consideration pursuant to Proposition 57." (*Id.* at 5.) The magistrate judge also found Plaintiff failed to state a Fourteenth Amendment claim, because there were no allegations to support Plaintiff's conclusion that the denial of early parole consideration under Proposition 57 was caused by a discriminatory intent or motive. (*Id.* at 5-6.) The magistrate judge found these pleading deficiencies could not be cured and recommended the Court dismiss the action "without leave to amend, for failure to state a cognizable claim for relief." (*Id.* at 7.)

1

Case 1:25-cv-00808-JLT-SAB    Document 12    Filed 08/12/25    Page 2 of 3

1     Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 10.)
2  Plaintiff asserts the magistrate judge erred by stating that "attempted murder under California law
3  is violent" because "attempted murder is considered a serious felony under Penal Code §
4  1192.7(c)." (*Id.* at 1.) He also indicates that he "disagrees" with the magistrate judge indicating
5  that attempted murder was his "primary offense," arguing that his "primary offense is corporal
6  injury" under Cal. Penal Code § 273.5. (*Id.* at 2.) In support of these assertions, Plaintiff filed his
7  "Felony Abstract of Judgment," an excerpt of the Third Amended Information filed in his
8  criminal case, a minute order related to a prior conviction, and a probation report from 2012. (*Id.*
9  at 4-15.) Plaintiff does not object to the findings related to his Fourteenth Amendment claim.
10 (*See generally* Doc. 10.)

11    Plaintiff's assertions regarding his convictions and Proposition 57 are unavailing. The
12 parole considerations are for those convicted of a *nonviolent* felony. Under Proposition 57,
13 violent felonies are defined in California Penal Code Section 667.5(c). *See* Cal. Code Regs. tit.
14 15, § 3490. As the magistrate judge found, "attempted murder" is identified as a "violent felony"
15 under Section 667.6(c)(12). The exhibits provided by Plaintiff also show a conviction for
16 burglary in the first degree (Doc. 10 at 5), which is likewise identified as a "violent felony" under
17 California law. *See* Cal. Pen. Code § 667.5(c)(21). Towards this end, it appears Plaintiff is not
18 eligible for a Proposition 57 parole hearing under state law.

19    Regardless, courts have repeatedly determined that a plaintiff cannot state a claim under
20 Section 1983 related to a Proposition 57 parole hearing, "because the crux of their complaints
21 concerned an alleged violation of state law." *See Ramos v. Spearman*, 2020 WL 1450731, at *2
22 (E.D. Cal. Mar. 25, 2020) (collecting cases); *Stewart v. Borders*, 2019 WL 3766557, at *5 (C.D.
23 Cal. Aug. 9, 2019) ("Section 1983 complaints challenging the CDCR's application of Proposition
24 57 failed to allege a cognizable claim under Section 1983"); *see also Galen v. Cty. of Los*
25 *Angeles,* 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a
26 violation of federal law, not state law"). Consequently, Plaintiff fails to state a cognizable claim
27 under Section 1983.

28    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

2

Having carefully reviewed the matter—including Plaintiff's objections— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

    1. The Findings and Recommendations dated (Doc. 9) are **ADOPTED** in full.

    2. Plaintiff's complaint is **DISMISSED** for failure to state a claim.

    3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __August 12, 2025__                    _/s/ Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE